**Santiago VELASCO–TAPIA, Petitioner,**

**v.**

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–71151.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 28, 2006.

Christopher J. Todd, Esq., Mill Valley, CA, for Petitioner.

R.App. P. 34(a)(2).

_____
* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thomas Fatouros, Stephen J. Flynn, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. Agency No. A79–370–425.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Santiago Velasco–Tapia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Velasco–Tapia failed to show exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Velasco–Tapia's contention that the IJ disregarded evidence of his son's speech impediment is not supported by the record and does not amount to a colorable constitutional claim. *See id.* ("[t]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

Velasco–Tapia also contends that the IJ violated due process by not allowing him to testify fully. Contrary to Velasco–Tapia's contention, the proceedings were not "so fundamentally unfair that [he] was prevented from reasonably presenting [his] case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Velasco–Tapia failed to demonstrate prejudice. *See id.* (requiring prejudice to prevail on a due process challenge).

Finally, Velasco–Tapia's challenge to streamlining is unavailing because the BIA did not streamline his appeal. To the extent Velasco–Tapia raises a regulatory challenge to the BIA's use of a single judge to decide his appeal, we lack jurisdiction to review this contention. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 854 (9th Cir.2003) (noting that lack of jurisdiction to review the merits of the IJ's discretionary decision regarding hardship precludes jurisdiction to evaluate whether regulation was appropriately applied).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.